UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                              CRIMINAL ACTION

VERSUS                                                     NO. 06-122

JUAN PONCE-CRUZ                                            SECTION: "A"

## ORDER AND REASONS

Before the court is defendant Juan Ponce-Cruz's **Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Filed Pursuant to Title 28 U.S.C. § 2255** (Rec. Doc. #46). The Government opposes the motion. For the reasons that follow, the motion is **DENIED**.

## Statement of the Case

A federal grand jury sitting in the Eastern District of Louisiana returned a superseding indictment charging defendant-movant Juan Ponce-Cruz with illegal reentry of a deported alien previously convicted of an aggravated felony. On June 22, 2006, Ponce-Cruz pled guilty and signed a Factual Basis containing the evidence against him.

Ponce-Cruz was sentenced on September 26th, 2006 and, subsequently, the 57 month sentence was reduced to 50 months on October 16, 2006 after Ponce-Cruz offered evidence to support his alleged reasons for being present in the district on the date of his arrest. Subsequently, Ponce-Cruz filed an appeal challenging his sentence to the Fifth Circuit on November 20th, 2006. The Fifth Circuit affirmed the judgment of this Court on December 11, 2007. *United States v. Ponce-Cruz*, 254 Fed.Appx. 999, 2007 WL 4105218 (5th Cir. 2007). In that opinion, the Fifth Circuit rejected Ponce-Cruz's argument that the sentence violated the 6th Amendment.

In a reply brief, Ponce-Cruz also argued that the sentence was invalid because of the precedent established by the executive branch and its agencies in the commutation of Scooter Libby. The Fifth Circuit declined to consider the issue because it was raised in a reply brief and Ponce-Cruz has not made the argument in the present proceeding before this Court. In his briefs to the Fifth Circuit, Ponce-Cruz confirmed that he was stopped for a "traffic infraction," and that he illegally reentered the United States of America. Ponce-Cruz did not raise any other defenses in his 5th Circuit appeal.

Ponce-Cruz thereafter filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 in which he makes the following claims: (1) that trial counsel was ineffective; (2) that the guilty plea was not made voluntarily and with his understanding of the nature of the plea; (3) that the sentence violated the 6th Amendment by relying on guidelines; (4) that the prosecution defaulted by failing to answer a motion on time; (5) that his Fourth Amendment rights were violated when he was arrested without a warrant or probable cause; (6) that his Fourth Amendment rights were violated when, without cause, the police initially stopped the truck his wife was driving; (7) and that counsel was ineffective for failing to raise or investigate any Fourth Amendment claims.

**Discussion**

Ponce-Cruz alleges that he was denied effective assistance of counsel because counsel never agreed to object, counsel only consulted with the defendant once before sentencing, counsel advised the defendant to refrain from speaking in court, counsel did not answer the defendant's questions, counsel failed to bring documents demonstrating the financial hardship of the defendant's family, and counsel either did not know how to represent a client in a criminal

matter or counsel did not want to do it.

Ponce-Cruz is required to show that his retained counsel (1) was deficient, and (2) that the deficient performance of counsel prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficient performance prong requires that Ponce-Cruz demonstrate that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-89. Judicial scrutiny must be highly deferential and allow for a strong presumption that counsel acted within a wide range of professional assistance and trial strategy. *Id* at 689. In the context of a guilty plea, the prejudicial prong of the *Strickland* test requires that the defendant prove that he would have insisted on proceeding to trial had it not been for the incompetence of counsel. *Magnum v. Hargett*, 67 F. 3d 80, 84-85 (5th Cir. 1995). Further, a finding of prejudice depends partly on the chances the defendant would have had at trial. *Id*.

The defendant has not demonstrated the requirements of the *Strickland* test. Ponce-Cruz has failed to allege any reasonable objections that might have been made. Further, Ponce-Cruz had numerous opportunities to voice any concerns, objections, or clarifications over the course of several proceedings and did not. Counsel did address financial hardship during sentencing. Ponce-Cruz affirmed that he was satisfied with the services of counsel in open court. Neither the record nor Ponce-Cruz's conclusional allegations support a finding that counsel acted outside of the wide range of professional assistance or that Ponce-Cruz would have proceeded to trial but for counsel's actions. Additionally, Ponce-Cruz has only alleged that but for the claimed errors his plea *might* have been different. He has not persuaded the court that he would have gone to trial or that the errors were prejudicial.

In regards to the guilty plea, Ponce-Cruz further argues that it was induced unlawfully or

was not made voluntary. He asserts that he did not understand the nature or consequences of the plea, which resulted in a 50 month sentence, because counsel advised him that he would only receive a maximum of 24 months.

A guilty plea may only be attacked under very limited circumstances on collateral review. *Bousley v. United States*, 523 U.S. 614, 621 (1998). When a defendant is advised by competent counsel, voluntary and intelligent guilty pleas may not be collaterally attacked. *Id.* In regards to sentencing, the defendant must have "a full understanding of what a plea connotes and its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). Such understanding is satisfied if the defendant knows the maximum prison term and fine for the offense charged. *United States v. Pearson*, 910 F. 2d 221, 223 (5th Cir. 1990). Ponce-Cruz was informed by this Court of the maximum sentence for the offense charged as well as the sentence guidelines. Thus, even if the defendant was initially confused by the ineffective advice from counsel as to the likely sentence, the defendant was informed prior to his plea. Therefore, the plea was made voluntarily with the understanding required by law.

The Fifth Circuit Court of Appeals has already addressed the defendant's argument regarding the process by which this Court arrived at a sentence within the advisory guidelines range. The Fifth Circuit rejected the argument. Issues raised and disposed of during a direct appeal from original judgment will not be considered in § 2255 motions. *United States v. Kalish* 780 F. 2d 506, 508 (5th Cir. 1986).

The defendant's argument that the U.S. Attorney defaulted because no extension of time was requested to respond to the defendant's motion is without merit. Such an extension was requested (Rec. Doc. 50) on April 10th, 2008, and granted. (Rec. Doc. 52).

4

The defendant argues that his constitutional rights were violated when police arrested him without a warrant in violation of the Fourth Amendment. He further argues that the police lacked sufficient probable cause for the arrest. The defendant argues that he was unable to pursue these issues because of ineffective counsel. Finally, he argues that under *Brady v. Maryland*, 373 U.S. 83 (1963) his counsel had an obligation to inform him of the consequences of the potential illegal arrest. He asserts that his plea might have been different, and therefor, that the plea is unconstitutional under *Brady*.

Defendant's Brady claim is without merit. *Brady* requires that the prosecution disclose evidence favorable to the accused when that evidence is material to either guilt or punishment. *Id.* at 87. Defendant does not allege that the prosecution withheld evidence, but, rather, that his defense counsel withheld a possible defense strategy. *Brady* does not apply.

Regarding the issue of probable cause, it is established precedent in this circuit that in the course of a traffic stop, an officer may ask for identification from vehicle occupants and may run a computer background check on them. *United States v. Jenson*, 462 F.3d 399, 404 (5th Cir. 2006). When the totality of facts and circumstances known to the police officer at the time of arrest would lead a reasonable person to conclude that a suspect was committing an offence, then there is probable cause for a warrantless arrest. *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995). At the time of the arrest, the police officer knew from a computer background check that the defendant had an outstanding U.S. Immigration and Customs Enforcement warrant as a criminal alien. The arrest meets the reasonable person standard set forth in *Wadley*. Defendant's ineffective counsel claim as it relates to the legal arrest is also meritless as there can be no deficiency in failing to raise a baseless claim and, therefore, no prejudice. *Strickland v.*

5

*Washington*, 466 U.S. 668, 687 (1984).

For the first time Ponce-Cruz, in his second reply brief, alleges that the initial stop of the vehicle was a violation of his constitutional rights. He argues that counsel was ineffective for failing to raise a claim regarding the initial stop. On at least six different occasions with two different lawyers the defendant failed to allege any impropriety on behalf of the state troopers.[1] He has acknowledged a traffic violation or infraction on two occasions and offered inconsistent statements as to the location of the stop.

Fourth Amendment claims may not be raised on collateral review. *United States v. Cavitt*, 550 F. 3d 430, 435 (5th Cir. 2008). However, when a Fourth Amendment claim is "inextricably intertwined" with an ineffective assistance of counsel claim, the court's inquiry into errors by counsel necessitates an evaluation of the Fourth Amendment claim. *Id.* The government may not use evidence obtained in violation of the defendant's Fourth Amendment rights to prove the defendant's guilt at trial. *Id.* (quoting *United States v. Thomas*, 12 F. 3d 1350, 1366 (5th Cir. 1994)). As such, the viability of the Fourth Amendment claim bears on the

---

[1]The defendant now argues that the police stopped the new truck, which was being driven by his wife, at approximately 11pm on Highway 12 in Louisiana without any cause. (Rec. Doc. 64). In the factual basis signed by the defendant he acknowledged that a traffic stop occurred. He did not allege that the stop was a violation of his Fourth Amendment rights. (Rec. Doc. 16). At his first sentencing hearing, the defendant testified that he was traveling on the I-10 when the vehicle was stopped. He did not allege that his stop was in violation of the Fourth Amendment. In his first brief to the Fifth Circuit upon appeal, while represented by new counsel, the defendant offered the following factual background: "Mr. Ponce-Cruz had been traveling in a vehicle stopped by the Louisiana Highway patrol for a traffic infraction." He did not contest the legitimacy of the initial stop in that brief or a subsequent reply brief in which he stated that he "stands by each and every argument asserted in his initial brief on this appeal." In his Habeas Corpus Motion under 28 U.S.C. § 2255, the defendant did not allege the initial stop was in violation of the Fourth Amendment. (Rec. Doc. 46). In his first reply brief of this proceeding, the defendant asserted that he "underwent a routine traffic stop" and that "the police stopped him just as a rugular [sic] traffic violation." (Rec. Do 59).

assessment of the ineffective assistance of counsel claim with regard to failure to suppress evidence and failure to advise the defendant about a Fourth Amendment claim in the context of a guilty plea. *Id.*

Ponce-Cruz has not demonstrated that there was a Fourth Amendment violation, nor has he demonstrated anything that would indicate to his trial counsel that the stop should have been investigated. The duty to investigate requires reasonable investigation; it does not require "lawyers to scour the globe on the off chance that something will come up." *Rompilla v. Beard,* 545 U.S. 374, 383 (2005). Therefore, the defendant has failed to demonstrate *Strickland* deficient performance. Finally, the defendant was represented by new counsel during his appeal. That appeal was the proper place to address the Fourth Amendment claim and as the defendant has not alleged that appellate counsel was ineffective, appellate counsel's performance vis-a-vis the Fourth Amendment claim will not be considered here. The motions, files, and records in this case conclusively show that the petitioner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

Accordingly;

**IT IS ORDERED** that defendant Juan Ponce-Cruz's **Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Filed Pursuant to Title 28 U.S.C. § 2255** (Rec. Doc. #46) should be and is hereby **DENIED.**

New Orleans, Louisiana, February 27, 2009.

_____
UNITED STATES DISTRICT JUDGE